UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICENTE RAMANO MONTAGUE-
GRIFFITH,

               Petitioner,

    -vs-

M. FRANCES HOLMES, District Director,
Buffalo District, Immigration and
Naturalization Service, JAMES ZIGLAR,
Commissioner, Immigration and Naturalization
Service, JOHN ASHCROFT, United States
Attorney General,

               Respondents.

**No. 02-CV-0509(RJA)(VEB)**
**REPORT AND RECOMMENDATION**

Petitioner Vicente Ramano Montague-Griffith entered the United States in 1993 at New York City. In 2002, he was placed into removal proceedings on the basis that he was alien inadmissible at entry and had a prior conviction for an aggravated felony. A final immigration order of removal from the United States was entered against him, and he subsequently asserted a habeas challenge pursuant to 28 U.S.C. § 2241 in this Court with regard to the immigration order of removal and to his continued detention in administrative custody of the Department of Homeland Security ("DHS"), pending his removal to his native country. *See* Docket Nos. 1 & 23.

On June 29, 2005, pursuant to the REAL ID Act of 2005,[1] the Court transferred to the United States Court of Appeals for the Second Circuit as a petition for review that portion of Montague-Griffith's habeas petition challenging the final removal order. *See* Docket No. 35.

---

[1] "Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005," Pub. L. No. 109-13, 119 Stat. 231. Division B of this Act is known as the "REAL ID Act."

Pending its determination of the claim that was transferred from this court as a petition for review, the Second Circuit stayed the removal order against Montague-Griffith. *See Montague-Griffith v. Holmes*, No. 05-3313 (2d Cir.). On November 6, 2006, the Second Circuit dismissed Montague-Griffith's petition for review on the merits. *See* Docket No. 38-1. As a result of its dismissal of Montague-Griffith's petition for review, the Second Circuit's stay of the removal order was lifted. DHS thus could execute the removal order against Montague-Griffith.

On August 29, 2008, respondents filed a motion to dismiss the petition on the basis of mootness. *See* Docket No. 38. On September 2, 2008, an order was issued directing petitioner to submit opposing papers by September 22, 2008, *see* Docket No. 39. However, petitioner has neither responded nor sought an extension of time.

Respondents argue that Montague-Griffith's habeas petition is moot because DHS has effected the removal of petitioner from the United States and he therefore is no longer being detained in administrative custody. *See* Affidavit of Assistant United States Attorney Gail Y. Mitchell, Esq. (Docket No. 38). AUSA Mitchell indicates that on August 27, 2008, she received from a representative of DHS confirmation that the Warrant of Removal/Deportation against Montague-Griffith had been executed on October 19, 2007. That document, a copy of which AUSA Mitchell has provided to the Court, shows that Montague-Griffith was removed from the United States on October 19, 2007, on a flight out of Miami, Florida. *See* Docket No. 38-2.

"'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *accord County of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000); *New York City Employees' Retirement System v. Dole*,

969 F.2d 1430, 1433 (2d Cir. 1992). The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that '"there is no reasonable expectation that the wrong will be repeated,"' *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant '"any effectual relief whatever" to [the] prevailing party,' *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895))." *County of Erie v. Pap's A.M.*, 529 U.S. at 287.  In such case, "any opinion as to the legality of the challenged action would be advisory." *Id.*

Petitioner's removal has been accomplished by DHS, as demonstrated by the executed Warrant of Removal/Deportation. As a result of his removal from the United States, Montague-Griffith has been granted the only relief he requested in his petition pending before this Court–namely, to be released from detention in administrative custody of DHS. Thus, Montague-Griffith's petition before this Court has been rendered moot.

Accordingly, in light of the foregoing, the Court recommends that respondents' motion to dismiss the petition (Docket No. 38) be **GRANTED** and that Montague-Griffith's petition (Docket No. 1) and amended petition (Docket No. 23) for a writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** as moot.

/s/ *Victor E. Bianchini*

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:     September 24 , 2008
           Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

　　　　　　　　　　VICTOR E. BIANCHINI
　　　　　　　　　United States Magistrate Judge

Dated: September 24, 2008
　　　　 Buffalo, New York.